O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OSCAR A.,

        Plaintiff,

  v.

FRANK BISIGNANO,
Commissioner of Social Security,

        Defendant.

Case No. 5:25-cv-03004-KES

MEMORANDUM OPINION
AND ORDER

**I.**

**INTRODUCTION**

On November 10, 2025, Plaintiff Oscar A. ("Plaintiff") filed a Complaint challenging the denial of social security disability benefits. (Dkt. 1.) On April 14, 2026, Plaintiff filed a Plaintiff's Brief in accordance with Rule 6 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g). ("PB" at Dkt. 13.) On June 15, 2026, Defendant Frank Bisignano, Commissioner of Social Security ("Commissioner"), filed a responding Commissioner's Brief under Rule 7. ("CB" at Dkt. 16.) Plaintiff declined to file a Reply. (Dkt. 17.) For the reasons stated below, the Commissioner's decision denying benefits is AFFIRMED.

1

## II.

## BACKGROUND

In a decision from March 1993, Plaintiff was initially found disabled beginning in January 1993 at age two.  Administrative Record ("AR") 22, 424.  Plaintiff subsequently had childhood disability reviews in February 1998 and February 2002; both times, he continued on disability due to no evidence of significant medical improvement.  AR 22, 145-57.  Plaintiff had three adult disability reviews in January 2009, May 2006, and August 2019, at all of which he again continued on disability due to lack of medical improvement.  AR 22, 145-57.  On August 18, 2022, however, it was determined that Plaintiff was no longer disabled as of August 1, 2022, at age 32.  AR 22, 129-32.  Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  AR 158.

On August 14, 2024, Plaintiff appeared at the first administrative hearing unrepresented by counsel.  AR 73.  The hearing was continued to allow him to retain counsel.  AR 76.  On December 20, 2024, at the second administrative hearing, Plaintiff appeared and testified with the assistance of a standby Spanish interpreter.  AR 45-70.  A vocational expert ("VE") also testified.  AR 62-67.

On March 6, 2025, the ALJ issued an unfavorable decision.  AR 16-44.  The ALJ began by identifying the August 9, 2019 decision (i.e., the most recent favorable medical decision) as the "comparison point decision" or "CPD."  AR 24.  At the time of the CPD, Plaintiff had the severe medically determinable impairments ("MDIs") of asthma with chronic obstructive pulmonary disease ("COPD").  AR 24.  This MDI was found to meet Listing 3.02.  AR 24.

The ALJ found that since August 1, 2022, Plaintiff had the following MDIs: "asthma; diabetes insipidus; right eye blindness; bilateral foot bunions; and obesity."  AR 24.  While Plaintiff still had asthma,  the ALJ found that the evidence showed a decrease in severity, such that Plaintiff's respiratory disorders no longer met or medically equaled Listing 3.02 as of August 1, 2022.  AR 25.

The ALJ found that despite Plaintiff's MDIs, he had the residual functional capacity ("RFC") to do light work with additional limitations.  AR 27.  Based on the RFC findings, the VE's testimony, and other evidence, the ALJ found that Plaintiff could work as a cashier (Dictionary of Occupational Titles ("DOT") 211.462-010), marker (DOT 209.587-034), and sales attendant (DOT 299.677-010) (the "Alternative Jobs").  AR 37.  The ALJ concluded that Plaintiff was no longer disabled as of August 1, 2022.  AR 37-38.

**III.**

**ISSUES PRESENTED**

<u>Issue One</u>:  Whether the ALJ erred by finding that Plaintiff's breathing impairments no longer satisfied Listing 3.02(A).  (PB at 3.)

<u>Issue Two</u>: Whether the ALJ's mental RFC findings lack substantial evidentiary support.  (PB at 8.)

<u>Issue Three</u>: Whether the ALJ erred in discounting Plaintiff's subjective symptom testimony.

**IV.**

**DISCUSSION**

**A.   ISSUE ONE: Listing 3.02(A).**

    **1.   Relevant Law.**

The Social Security regulations include a listing of impairments (the "Listings") that are presumed severe enough to preclude a person from performing gainful activity.  <u>See</u> 20 C.F.R. § 404.1520(d); <u>Young v. Sullivan</u>, 911 F.2d 180, 183-84 (9th Cir. 1990).  At step three of the five-step sequential evaluation process, the ALJ evaluates whether the claimant has an MDI or combination of MDIs that meets or equals a listed impairment.  20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Pt. 404 Subpt. P, App. 1.  The Listings are organized by body system.  Listing 3.02 covers chronic respiratory disorders.

Each listed impairment is described in terms of "the objective medical and

3

other findings needed to satisfy the criteria of that listing." 20 C.F.R. § 404.1525(c)(3). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). If a claimant meets all the requirements of a Listing, then the presumption of disability cannot be rebutted, and the ALJ must find the claimant disabled without proceedings to steps four or five.

"A claimant may meet Listing 3.02 in four different ways: (1) A forced expiratory volume in the first second of a forced expiratory maneuver value ('FEV1') at or below the listing level based on age, gender, and height under 3.02(A); or (2) a forced vital capacity value ('FVC') at or below the listing level for age, gender, and height under 3.02(B); or (3) a chronic impairment of gas exchange demonstrated by a diffusing capacity of the lungs for carbon monoxide value ('DLCO') or other tests under 3.02(C); or (4) exacerbations or complications requiring hospitalizations under 3.02(D)." James S. v. Saul, No. 4:20-CV-00027-TMB, 2021 U.S. Dist. LEXIS 77117, 2021 WL 1587903, at *13 (D. Alaska Apr. 22, 2021).

### 2.      Relevant Administrative Proceedings.

The ALJ found that Plaintiff's breathing MDIs "have not met or medically equaled a listing since August 1, 2022." AR 24. The ALJ specifically considered Listing 3.02. AR 24. The ALJ found, "The medical evidence of record since August 2022 reflects no positive, objective physical, clinical, or diagnostic medical findings that satisfy the criteria of Listing 3.02." AR 25. Since August 1, 2022, Plaintiff "presented for only limited and intermittent medical treatment of asthma." AR 30, citing recent treatment records. While he continued to refill his prescription for an Albuterol inhaler, "physical examination reflected no positive, objective pulmonary or respiratory medical findings." AR 31, citing AR 909-10. Physical examination findings showed that Plaintiff's "lungs were clear to

auscultation bilaterally with no crackles or wheezing and he had normal excursion with respirations at the lungs." AR 31, citing AR 915-16 (November 2022 consultative examination) and AR 961-62 (November 2022 progress notes). Plaintiff's doctors consistently described his asthma as "mild intermittent asthma without complication." AR 29, citing records including AR 945, 949, 956, 994.

**3.    Analysis of Claimed Error.**

First, Plaintiff contends that while "the medical evidence of record does not contain a current pulmonary function test with a current FEV1 result, the record still contains ongoing and significant evidence of a severe breathing impairment." (PB at 5.) Plaintiff cites evidence, acknowledged by the ALJ, that he continued to refill his Albuterol inhaler after August 2022. (PB at 5-6, citing AR 909-910, 947, 953.) As discussed above, this is insufficient to show that Plaintiff's respiratory disorder met Listing 3.02(A) after August 2022.

Second, Plaintiff contends that state agency analyst M. A. Mazuryk, M.D., found medical improvement without considering Plaintiff's asthma. (PB at 4, citing AR 95.) The ALJ found this opinion "persuasive." AR 34. But the ALJ did not rely on Dr. Mazuryk's opinion to find that Plaintiff's asthma no longer satisfied Listing 3.02(A). Rather, as discussed above, the ALJ relied on the lack of required medical test results.

Third, Plaintiff faults the ALJ for not discussing medical evidence or opinions from *before* August 2022. (PB at 5.) But the ALJ appropriately considered whether evidence on or after August 1, 2022, showed that Plaintiff's asthma still satisfied Listing 3.02(A).

Finally, Plaintiff contends that the ALJ erred by not giving more credence to subjective reports from Plaintiff and his family members about how quickly he becomes out of breath. (PB at 6.) But satisfying Listing 3.02(A) requires objective test results. Plaintiff has not shown that the ALJ erred by concluding that his asthma no longer satisfied Listing 3.02(A) as of August 1, 2022.

**B.    ISSUE TWO: Plaintiff's Mental RFC.**

**1.    Relevant Administrative Proceedings.**

In December 2022, Plaintiff underwent a psychological consultative evaluation with LaQeishia Hagans, Ed.D.  AR 921-24.  Plaintiff complained of difficulty concentrating and forgetfulness starting at age five or six after surgery to remove a brain tumor.  AR 921-22.  He completed high school using special education services.[1]  AR 922.  His parents drove him to the appointment, and he reported that he could not go places by himself.  AR 921-22.  He needed assistance to dress himself and do household chores.  AR 922.  After administering some basic tests involving math, spelling, abstract thinking, and memory, Dr. Hagans diagnosed Plaintiff as suffering from an "unspecified neurocognitive disorder."  AR 923.  She found he had "mild" difficulties maintaining attention and pace but no difficulty interacting with others.  AR 923.  She found Plaintiff would have "mild" limitations performing simple work.  AR 924.

In January 2023, K. Gregg, M.D., a State agency mental medical consultant at the reconsideration level, determined that Plaintiff has no mental MDI.  AR 926-940.  Dr. Gregg relied on Plaintiff's recent IQ scores, the fact that he completed high school, Dr. Hagans's test results, and normal mental status examinations in the treating records.  AR 940.

The ALJ found the opinions of Drs. Hagans and Gregg persuasive.  AR 27.  In the medical records, the ALJ saw "no positive, objective mental status findings related to a neurocognitive disorder that supports more than mild functional mental

---

[1] While he did not report this to Dr. Hagans, Plaintiff said he attended East Los Angeles College for computer science from approximately 2010 to 2015.  AR 411, 420-21.  In a 2019 continuing disability review report, Plaintiff stated that he was "currently attending computer application classes."  AR 371.  He would ride a bus, walk two blocks to school attend class from 8:30 a.m. to 12:00 p.m., then take the bus home.  AR 372.

limitations due to this condition."  AR 27.  Accordingly, the ALJ found that while Plaintiff had the MDI of unspecified neurocognitive disorder, it was not severe, because it "did not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities."  AR 26.  The ALJ did not limit the complexity of Plaintiff's potential work in the RFC findings.  AR 27.

### 2.     Analysis of Claimed Error.

Plaintiff contends that he has greater mental functional limitations than those for which the ALJ accounted in the RFC findings.  (PB at 8.)  As evidence, he cites his own statements and those of his family, along with his history of brain surgery and special education services. (PB at 8-12.)  He also cites a medical source statement from nurse practitioner Carmenita Arda.  (PB at 10.)  Plaintiff contends that even if his neurocognitive disorder is non-severe, the ALJ needed to account for the functional limitations it causes in crafting his RFC.  (PB at 11-12.)  He suggests that the ALJ should have limited him against frequent "interactions with the public."  (PB at 12.)

First, the ALJ discounted Plaintiff's testimony (AR 28-32) and noted that the opinions offered by Nurse Arda went to issues reserved to the Commissioner (AR 35).  ALJs need not account for functional limitations that are supported solely by discounted evidence.  See Britton v. Colvin, 787 F.3d 1011, 1013-14 (9th Cir. 2015) (holding that where a claimant is not credible, an ALJ need not account for limitations established only by a claimant's self-report).

Second, at Plaintiff's psychological consultation, Dr. Haggans found that Plaintiff had no difficulty interacting with others.  AR 923.  Thus, there is substantial evidentiary support for the ALJ's decision not to restrict Plaintiff from work that requires public contact.

Even if the ALJ should have limited Plaintiff to simple work because of mental limitations, the failure to do so would be harmless error.  The marker job requires only Level 2 reasoning which is consistent with simple work.  Zavalin v.

Colvin, 778 F.3d 842, 843-44 (9th Cir. 2015) (finding conflict "between [the claimant's] limitation to simple, routine, or repetitive tasks, on the one hand, and the demands of Level 3 reasoning, on the other hand."). There are 167,000 marker positions available nationally, which is an amply significant number. AR 37; see Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 528-29 (9th Cir. 2014) (holding that 25,000 jobs nationally is a significant number, but a "close call").

**C.   ISSUE THREE: Plaintiff's Subjective Symptom Testimony.**

**1.   Relevant Law.**

The ALJ engages in a two-step analysis to evaluate a claimant's subjective symptom testimony. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged." Id. at 1036. If so, the ALJ may not reject a claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, if the claimant meets the first test, the ALJ may discredit the claimant's subjective symptom testimony only by making specific findings that support the conclusion. Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014). Unless an ALJ finds that a claimant is malingering or has failed to provide objective medical evidence in support of his or her testimony, an ALJ must provide clear and convincing reasons for rejecting a claimant's subjective testimony about the severity of experienced symptoms. Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015). While an ALJ's findings must be properly supported and sufficiently specific to assure a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is not "required to believe every allegation" of disability. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ's reasons for rejecting a claimant's subjective symptom testimony must be supported by substantial evidence.  Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017).  "Substantial" means "more than a mere scintilla" but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.; Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

### 2.      Relevant Administrative Proceedings.

The ALJ summarized Plaintiff's testimony.  AR 28-29.  Plaintiff confirmed that his inhaler was his only current treatment for breathing problems.  AR 51.  He only used his inhaler when he was sick.  AR 51.  He had not used it for a week or two and used it then because he had the flu.  AR 51-52.  He had trouble breathing in cars because he felt the environment was "too tight or closed."  AR 51.

His left side was weaker than his right side, so he could "only stand with [his] right leg."  AR 54.  He was "fine" with walking, but if he tried to run, he felt like throwing up after five minutes.  AR 54.  He could walk on a treadmill for about 20 minutes.  AR 55.  He could play video games with friends and play ball with his nephew.  AR 58, 372.

The ALJ found that while Plaintiff's MDIs "could reasonably be expected to produce the alleged symptoms," his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the objective medical and other evidence …."  AR 30.  As reasons, the ALJ cited (1) inconsistency with the objective medical evidence; (2) inconsistency with Plaintiff's activities; and (3) the limited nature of his treatment.

### 3.      Analysis of Claimed Error.

a.   Reason One: Inconsistency with the Medical Evidence.

The ALJ found that Plaintiff's "statements about the alleged intensity,

persistence, and limiting effects of symptoms are inconsistent with the objective medical evidence and other evidence of record." AR 30. After reviewing Plaintiff's recent treatment records for asthma, the ALJ concluded that "objective medical evidence does not support the alleged severity of asthma-related symptoms asserted by [Plaintiff]." AR 31. The ALJ also found that Plaintiff's alleged "difficulty standing due to left leg weakness" was "not supported by the medical evidence of record." AR 31. The ALJ cited the internal medicine consultative examinations that found some decreased strength but concluded that Plaintiff could stand or walk for six hours in an eight-hour day. AR 32. The ALJ also found that Plaintiff's "allegations of mental symptoms are not supported by the objective medical evidence of record." AR 32. The ALJ cited Plaintiff's scores on mental tests and lack of positive mental status findings. AR 32.

Plaintiff argues that the ALJ did not explain the findings of inconsistency but only summarized the medical evidence. (PB at 13.) As set forth above, however, the ALJ wrote separate paragraphs explaining which symptom testimony was over-stated with citations to supporting evidence.

Plaintiff also argues that lack of supporting evidence cannot be the only reason for discounting his subjective symptom testimony. (PB at 14.) But the ALJ gave other reasons, as discussed below. Defendant identified those reasons (CB at 17-19), yet Plaintiff chose not to reply (Dkt. 17).

b. <u>Reason Two</u>: Inconsistency with Activities.

The ALJ wrote, "[D]espite [Plaintiff's] allegations of weakness at the left leg, he also testified he is able to walk, and he exercises at home, including walking for about 20 minutes on a treadmill." AR 32. Indeed, as the ALJ had noted earlier, Plaintiff testified "he can only stand using the right leg because he claimed his left leg is weak." AR 28. The ALJ reasonably found this inconsistent with his simultaneous testimony that he could walk "fine," including walking for 20 minutes on a treadmill. AR 32, citing AR 54-55.

c.  Reason Three: Limited Treatment.

The ALJ found that "the frequency or extent of treatment sought is not comparable to the degree of [Plaintiff's] subjective complaints related to ongoing breathing issues."  AR 31.  The evidence showed that Plaintiff only presented for limited and intermittent treatment of his asthma.  AR 30-31, citing AR 908-12.  While he regularly refiled his Albuterol inhaler, there was no record of "treatment with a specialist, such as a pulmonologist."  AR 31.  The ALJ further noted that Plaintiff only used the inhaler intermittently when sick and congested.  AR 28-31, citing AR 51-52.  The ALJ wrote, "The case record is … devoid of evidence of persistent attempts to obtain relief of symptoms, such as increasing dosages and changing medications, trying a variety of treatments, referrals to specialists, or changing treatment sources.  Nowhere in the record does [Plaintiff] offer a sufficient explanation for not seeking treatment consistent with the degree of subjective complaints."  AR 31.

This provides a clear and convincing reason supported by substantial evidence that Plaintiff's briefing does not address.

## V.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED** that judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: June 17, 2026

_Karen E. Scott_

KAREN E. SCOTT
United States Magistrate Judge

11